ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2024-Oct-18  15:38:27
54CV-24-286
C01D01 : 6 Pages

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS

CIVIL DIVISION

MARQUITA TENNER, AND ADAM SWOPES INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED              PLAINTIFFS

VS                CASE NO. 54CV-24_____

PHILLIPS COUNTY, ARKANSAS                                DEFENDANT

### COMPLAINT – CLASS ACTION

Plaintiffs, MARQUITA TENNER and ADAM SWOPES, Individually and on Behalf of All Others Similarly Situated, by and through undersigned counsel, SUTTER & GILLHAM, P.L.L.C.; who brings this action against Defendant, PHILLIPS COUNTY, ARKANSAS, for violations of the Arkansas Minimum Wage Act(AMWA), and allege as follows:

### I. INTRODUCTION

1. This is an action for unpaid wages, unpaid overtime compensation, and other relief under the AMWA.

2. Plaintiff, Tenner, was employed by Phillips County, Arkansas, until her resignation in 2024, and Swopes is a current employee.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Phillips County, Arkansas, employed within the past three (3) years prior to the filing of this lawsuit.

4. Plaintiffs allege that Defendant failed to pay them for all hours worked, miscalculated overtime pay, and improperly altered their timesheets, in violation of the AMWA.

## II. PARTIES

5. Plaintiff, Tenner, was employed as a jailer by the Phillips County Sheriff's Office until 2024, and Plaintiff, Swopes, is currently employed by the Phillips County Sheriff's Office.

6. Defendant, Phillips County, Arkansas, is a public entity responsible for compensating the Plaintiff and Class.

7. Defendant is responsible for ensuring compliance with Arkansas Labor Laws.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims brought under the AMWA.

9. Venue is proper in this Court as Defendant is located in, and conducts business in Phillips County.

## IV. FACTUAL ALLEGATIONS

10. Plaintiffs, and the proposed class members, were non-exempt employees under the AMWA, entitled to overtime pay for hours worked in excess of the applicable workweek thresholds.

11. Each Plaintiff, as a jailer, was subject to a 40-hour workweek.

12. Defendant failed to pay Plaintiffs, and the Class, for all overtime hours worked, contrary to AMWA requirements.

13. Defendant miscalculated the regular rate of pay, as well as the overtime rate, resulting in underpayment.

14. Defendant altered timesheets submitted by Plaintiffs, and the Class, reducing compensation owed for overtime worked.

15. Plaintiffs received compensatory time in lieu of overtime pay.

16. Plaintiffs allege that Defendant failed to calculate compensatory time correctly and did not provide reasonable opportunities to use comp time.

17. Plaintiff, Tenner, resigned in 2024, and Defendant failed to pay her, and other Class Members, for accrued compensatory time, vacation time, and holiday time, totaling over 480 hours of unpaid comp time.

## V. CLASS ACTION ALLEGATIONS (RULE 23)

18. Plaintiffs bring this action under Rule 23(b)(3) of the Arkansas Rules of Civil Procedure, on behalf of themselves and all similarly situated current and former employees of Defendant.

19. The proposed Class consists of all non-exempt employees of Phillips County Government, including the Phillips County Sheriff's Office.

Numerosity (Rule 23(a)(1))

20. The Members of the proposed Class are so numerous that joinder of all Members is impracticable. The precise number of Class Members is unknown; but, is believed to be in the hundreds.

Commonality (Rule 23(a)(2))

21. There are questions of law and fact common to the class, including:

    a. Whether Defendant failed to pay class members for all hours worked;

    b. Whether Defendant miscalculated the regular rate of pay and overtime compensation;

    c. Whether Defendant improperly altered timesheets;

    d. Whether Defendant misclassified employees as exempt from overtime pay;

    e. Whether Defendant's actions violated the AMWA and applicable state laws; and.

f.   Whether Defendant failed to calculate compensatory time correctly and did not provide reasonable opportunities to use comp time

Typicality (Rule 23(a)(3))

22.   Plaintiffs' claims are typical of the Class Members' claims, as they were subjected to the same unlawful pay practices by Defendant.

Adequacy (Rule 23(a)(4))

23.   Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that conflict with the class and have retained competent counsel experienced in complex wage and hour litigation.

24.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. The questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy. The proposed class members have been damaged and are entitled to recover unpaid wages, overtime compensation, and other relief as a result of Defendants' common course of conduct.

## VI. CLAIMS FOR RELIEF
## COUNT I – FAILURE TO PAY OVERTIME COMPENSATION (AMWA)

25.   Defendant willfully violated the AMWA by failing to compensate Plaintiffs and similarly situated employees for hours worked in excess of the applicable workweek thresholds. Phillips County policy is to compensate employees like Swopes overtime for those hours worked in excess of 40 hours per week, but this past pay period Swopes worked 91 hours, but was paid only straight-time for 86 hours.

## COUNT II – FAILURE TO CORRECTLY CALCULATE REGULAR RATE OF PAY (AMWA)

26. Defendant violated the AMWA by miscalculating the regular rate of pay and corresponding overtime compensation owed to Plaintiffs.

## COUNT III – IMPROPER USE OF COMPENSATORY TIME (AMWA)

27. Defendant violated the AMWA by failing to properly calculate and credit compensatory time earned by Plaintiffs in lieu of overtime pay and by failing to allow Plaintiffs and the Class a reasonable opportunity to take comp time, resulting in more than 480 hours of comp time for many members of the Class, including Tenner and Swopes. For example, Swopes has over 700 hours of comp time.

## COUNT IV – FAILURE TO PAY ACCRUED COMPENSATORY, VACATION, AND HOLIDAY TIME (AMWA)

28. Defendant violated the AMWA by failing to pay Tenner and the Class for accrued compensatory, vacation, and holiday time upon resignation. Tenner had hundreds of hours of compensatory time for which she was not paid.

## JURY DEMAND

29. Plaintiffs demand a trial by jury.

## VII. PRAYER FOR RELIEF

30. Plaintiff seeks an Order certifying the Class under Rule 23(b)(3) and judgment for unpaid wages, overtime compensation, compensatory time, and other damages as allowed under the AMWA due the Class.

31. Plaintiffs seek liquidated damages, attorneys' fees, and costs as provided by the AMWA.

32. Plaintiffs seek any other relief this Court deems just and proper.

                                      Respectfully submitted,

                                      Luther Oneal Sutter, Esq., ARBN 95031
                                      Lucien R. Gillham, Esq., ARBN 99199
                                      *Attorneys for Plaintiffs*
                                      **SUTTER & GILLHAM, PLLC**
                                      1501 N. Pierce Ste 105
                                      Little Rock, AR 72207
                                      501/315-1910 – Office
                                      501/315-1916 - Facsimile
                                      Luther.sutterlaw@gmail.com
                                      Lucien.gillham@gmail.com

By:    /s/ Luther Oneal Sutter