ELECTRONICALLY FILED
Phillips County Circuit Court
Tamekia L. Franklin, Circuit Clerk
2025-Jan-30 11:50:24
54CV-24-286
C01D04 : 13 Pages

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS

Marquita Tenner,

And Adam Swopes individually and

on behalf of all others similarly situated,                    Plaintiffs

v.    54CV-24-286

Phillips County, Arkansas                                      Defendant

## AMENDED COMPLAINT – CLASS ACTION

Plaintiffs, by and through undersigned counsel, bring this action on behalf of themselves and all others similarly situated against Defendants for violations of the Arkansas Minimum Wage Act(AMWA), and allege as follows:

I. INTRODUCTION

1. This is an action for unpaid wages, unpaid overtime compensation, and other relief under the AMWA and the FLSA.

2. Plaintiff Tenner was employed by Phillips County, Arkansas until her resignation in 2024, and Swopes is a current employee.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees of Phillips County, Arkansas, employed within the past three years prior to the filing of this lawsuit.

4. Plaintiffs allege that Defendant failed to pay them for all hours worked, miscalculated overtime pay, and improperly altered their timesheets, in violation of the AMWA.

## II. PARTIES

5. Tenner was employed as a jailer by the Phillips County Sheriff's Office until 2024, and Swopes is currently employed by the Phillips County Sheriff's Office.

6. Defendant, Phillips County, Arkansas, is a public entity responsible for compensating the Plaintiff and Class.

7. Defendant is responsible for ensuring compliance with Arkansas labor laws.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims brought under the AMWA.

9. Venue is proper in this Court as Defendant is located in and conducts business within Phillips County.

## IV. FACTUAL ALLEGATIONS

10. Plaintiffs and the proposed class members were non-exempt employees under the AMWA, entitled to overtime pay for hours worked in excess of the applicable workweek thresholds.

11. Each Plaintiff, as a jailer, was subject to a 40-hour workweek. Plaintiffs and the class worked through meals, but were not paid.

12. Defendant failed to pay Plaintiffs and the class for all overtime hours worked, contrary to AMWA requirements.

13. Defendant miscalculated the regular rate of pay and overtime rate, resulting in underpayment.

14. Defendant altered timesheets submitted by Plaintiffs and the Class, reducing compensation owed for overtime worked.

15. Plaintiffs received compensatory time in lieu of overtime pay.

16. Plaintiffs allege that Defendant failed to calculate compensatory time correctly and did not provide reasonable opportunities to use comp time.

17. Tenner resigned in 2024, and Defendant failed to pay her and other Class Members for accrued compensatory time, vacation time, and holiday time, totaling over 480 hours of unpaid comp time.

V. CLASS ACTION ALLEGATIONS (RULE 23)

18. Plaintiffs bring this action under Rule 23(b)(3) of the Arkansas Rules of Civil Procedure, on behalf of themselves and all similarly situated current and former employees of Defendant.

19. The proposed class consists of all non-exempt employees of Phillips County Government, including the Phillips County Sheriff's Office.

Numerosity (Rule 23(a)(1))

20. The members of the proposed class are so numerous that joinder of all members is impracticable. The precise number of class members is unknown but is believed to be in the hundreds.

Commonality (Rule 23(a)(2))

21. There are questions of law and fact common to the class, including:

   a. Whether Defendant failed to pay class members for all hours worked;

   b. Whether Defendant miscalculated the regular rate of pay and overtime compensation;

   c. Whether Defendant improperly altered timesheets;

   d. Whether Defendant misclassified employees as exempt from overtime pay; and

   e. Whether Defendant's actions violated the AMWA and applicable state laws.

f. Whether Defendant failed to calculate compensatory time correctly and did not provide reasonable opportunities to use comp time

Typicality (Rule 23(a)(3))

22. Plaintiffs' claims are typical of the class members' claims, as they were subjected to the same unlawful pay practices by Defendant.

Adequacy (Rule 23(a)(4))

23. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that conflict with the class and have retained competent counsel experienced in complex wage and hour litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. The questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy. The proposed class members have been damaged and are entitled to recover unpaid wages, overtime compensation, and other relief as a result of Defendants' common course of conduct.

25. Plaintiff, individually and on behalf of all others similarly situated, seeks conditional certification of her AMWA and the FLSA claims as a class action pursuant to the Arkansas Minimum Wage Act, Arkansas Code Annotated §§ 11-4-201, *et seq.*, and a collective action under the FLSA to recover compensation due them. Each Plaintiff requests the court to authorize notice to all potential collective action class members. Each Plaintiff was working in a non-exempt position, yet who was not paid for hours she worked in excess of 40 hours per week.

26. An employee like each Plaintiff may bring an FLSA action on behalf of herself and any other 'similarly situated' employees under A.C.A. § 11-4-218 and the FLSA. Specifically, the AMWA provides:

27. The FLSA and Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

28. During the period relevant to this lawsuit, Defendants treated Plaintiff, and all similarly situated members of the AMWA class as non-exempt from the

overtime requirements of the AMWA. Each Plaintiff and the Class worked through their meal breaks without compensation.

29. Despite the entitlement of each Plaintiff and those similarly situated to minimum wage and overtime payments under the AMWA, Defendant failed to pay each Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

30. Here, Plaintiffs and other county employees in Arkansas like her, with the knowledge and direction of their employer, consistently performed duties during their scheduled lunch break, as well as failed to pay Plaintiffs comp time They are regularly required as part of their job duties to work in excess of forty hours a week, with no additional compensation whatsoever. Plaintiff and the proposed Class are victims of a single, willful, wanton, and calculated decision, policy or plan.

31. Each Plaintiff seeks to represent all past or present employees of Defendants in Arkansas, working in positions classified as non-exempt who worked in the interest of Defendants for more than 40 hours in a work week, yet who have not been paid overtime within the three years preceding filing of the Original Complaint.

32. Defendants violated the FLSA by failing to pay its hourly employees in full for hours worked in the interest of the employer. Specifically, each Plaintiff

states that Defendants use an "unlawful compensation system," knowingly and willfully. This is a common issue of fact that predominates over individual questions.

33. Each Plaintiff's claims are typical of the Class, since she alleges she and the Class worked more than 40 hours per week. But Defendants continue to refuse to pay these employees consistent with Arkansas law and the FLSA, making certification under Rule 23(b)(1), (2) and (3) appropriate, as well as certified as a collective action under the FLSA.

34. Given the common duties, requirements, and method of compensation by the Defendants, or on its behalf, there are common issues of fact regarding why Defendants refused to compensate each Plaintiff and the Class in accordance with Arkansas and federal law.

35. The above common questions of law and fact predominate over any questions affecting only the individual named each Plaintiff, and a class action or collective action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of both AMWA and FLSA Classes.

41. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for

workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.  To that end, all non-exempt employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

42.    At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiff's counsel knows of any litigation already in progress by any members of the proposed class concerning the allegations in this Complaint.

43.    No difficulties are likely to be encountered in the management of this class action.

44. Each Plaintiff and counsel are familiar with the issues raised herein and are adequate Class representatives. Plaintiff and her counsel will fairly and adequately protect the interests of the classes.

45.    Each Plaintiff's counsel is competent to litigate FLSA collective class actions and Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel

46.    Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to

individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

47.     The Class is so numerous such that joinder is impracticable, and a Class action is a superior means of resolution.

## VI. CLAIMS FOR RELIEF

### COUNT I – FAILURE TO PAY OVERTIME COMPENSATION (AMWA)

24. Defendant willfully violated the FLSA and AMWA by failing to compensate Plaintiffs and similarly situated employees for hours worked in excess of the applicable workweek thresholds. Phillips County policy is to compensate employees like Swopes overtime for those hours worked in excess of 40 hours per week, but this past pay period Swopes worked 91 hours, but was paid only straightime for 86 hours.

### COUNT II – FAILURE TO CORRECTLY CALCULATE REGULAR RATE OF PAY (AMWA)

25. Defendant violated the FLSA and AMWA by miscalculating the regular rate of pay and corresponding overtime compensation owed to Plaintiffs.

### COUNT III – IMPROPER USE OF COMPENSATORY TIME (AMWA)

26. Defendant violated the FLSA and AMWA by failing to properly calculate and credit compensatory time earned by Plaintiffs in lieu of overtime pay and by failing to allow Plaintiffs and the Class a reasonable opportunity to take comp time, resulting in more than 480 hours of comp time for many members of the Class, including Tenner and Swopes. For example, Swopes has over 700 hours of comp time.

### COUNT IV – FAILURE TO PAY ACCRUED COMPENSATORY, VACATION, AND HOLIDAY TIME (AMWA)

27. Defendant violated the FLSA and AMWA by failing to pay Tenner and the Class for accrued compensatory, vacation, and holiday time upon resignation. Tenner had hundreds of hours of compensatory time for which she was not paid.

## VII. PRAYER FOR RELIEF

28. Plaintiff seeks an Order certifying the Class under Rule 23(b)(3) and as a collective class under the FLSA and judgment for unpaid wages, overtime compensation, compensatory time, and other damages as allowed under the AMWA due the Class.

29. Plaintiffs seek prejudgment interest liquidated damages, attorneys' fees, and costs as provided by the AMWA and the FLSA

30. Plaintiffs seek any other relief this Court deems just and proper.

Respectfully Submitted,

Luther Oneal Sutter, ARBN 95031
**SUTTER & GILLHAM, P.L.L.C.**
PO Box 2012
Benton, AR 72015
(501)315-1910 Office
(501) 315-1916 Facsimile
luther.sutterlaw@gmail.com

By:   */s/ Luther Oneal Sutter*
       Luther Oneal Sutter, ABN 95031

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on this, the 30th day of January, 2025, via EFLEX upon counsel for the Defendant(s), as follows:

Rose Law Firm

By:  */s/ Luther Oneal Sutter*
Luther Oneal Sutter, ABN 95031